UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                  Case No. 15-20652

v.

                                  Hon. George Caram Steeh

D-8, MICHAEL ROGERS,

       Defendant.
_____

## MOTION FOR REVOCATION OF DETENTION ORDER AND REQUEST FOR HEARING

     Now comes MICHAEL ROGERS, by and through his attorney, DAVID I. LEE, pursuant to 18 U.S.C. 3145(b) and hereby moves that this Honorable Court revoke the Order of Detention entered by Magistrate Judge Elizabeth Stafford on March 9, 2016 and in support of which states as follows:

1.     Mr. Rogers is indicted by a grand jury and is charged in Count 1, RICO Conspiracy contrary to U.S.C. 1962(d) and Count 26, Possession of a Firearm in Furtherance of a Crime of Violence contrary to 18 U.S.C. §924(c).

2.     On March 9, 2016, a Detention Hearing was held wherein Mr. Rogers was ultimately detailed.

3.   The government, at the aforementioned, hearing, used both a "written proffer" detailing the activities of the alleged conspiracy as a whole in a fifteen page document.   The last page and one half addressed Mr. Rogers, specifically.   Also, AUSA Raj Prasad aguedreed and made additional proffers on behalf of the government.

4.   The defense offered Mr. Rogers live-in girlfriend of ten years Nakyia Johnson, as a third-party custodian.

5.   In a decision made orally from the bench Judge Stafford stated ***inter alia*** that Ms. Johnson would not be a suitable third-party custodian due to her "age and relationship" with Mr. Rogers. (Transcript, pp. 30-31, Exhibit A).

6.   On March 27, 2015, Mr. Rogers was shot 18 times and consequently suffers from a myriad of complications that require both physical therapy, medication and various forms of personal assistance facilitated in large part by his girlfriend of ten years, Ms. Nakyia Johnson.   At a prior proceeding, Judge Stafford took judicial notice of Mr. Rogers' condition and called him "a medical miracle."

7.   Mr. Rogers submits an Affidavit of Ms. Johnson that sets forth her background and numerous reasons why she is qualified to be a third-party custodian.   (See Affidavit of Nakyia Johnson, Exhibit B).   Ms.

Johnson is prepared to testify before this Honorable Court and answer any questions it may have.

8.    While the charges in this matter are serious, this Honorable Court is free to fashion a number of his conditions that would allow Mr. Rogers to be released from custody and receive pain medication(s) and physical therapy that is absolutely necessary. Mr. Rogers, given his condition, poses no risk of flight and poses no danger to our community.

WHEREFORE, Michael Rogers, respectfully requests that this Honorable Court set aside the Detention Order of March 9, 2016. Mr. Rogers also respectfully requests a hearing before this Honorable Court regarding the instant matter.

Respectfully submitted,

_/s/ David I. Lee_____
DAVID I. LEE P39305
Attorney for Defendant Rogers
615 Griswold, Suite 722
Detroit, MI 48226
(313) 963-6508

Dated: 4/18/16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                              Case No. 15-20652

v.

                              Hon. George Caram Steeh

D-8, MICHAEL ROGERS,

      Defendant.
_____

## BRIEF IN SUPPORT OF MOTION FOR REVOCATION OF DETENTION ORDER AND REQUEST FOR HEARING

### I.    INTRODUCTION

Defendant Michael Rogers, along with fifteen (15) others were indicted by way of grand jury. He was charged in two counts of a multiple-count indictment with:

> Count I – RICO Conspiracy contrary to U.S.C. 18 1962(d); and

> Count II - Possession of a Firearm During and in Relation to a Crime of Violence contrary to U.S.C. 924(c)(1).

A Detention Hearing was held on March 9, 2016 before the Honorable Magistrate Judge Elizabeth Stafford. The government sought to detain Mr. Rogers, and many others, by way of a "written proffer" that was a recitation of the Indictment written in prose. Approximately 15 (fifteen) pages was devoted to the

activities of the alleged conspiracy.  Approximately a page and one half discussed Mr. Rogers specifically.  After argument and proffers by both, the government and defense, Magistrate Stafford found that the defense did not rebut the presumption favoring detention in this matter.  In her Opinion from the bench, Magistrate Judge Stafford, said *inter alia*, that Mr. Rogers' live-in girlfriend of over a decade was not a sufficient third-party custodian.

> "I don't find Nakia Johnson – I didn't interview her – would be a third party custodian who I would consider because she was living with Mr. Rogers the entire time that the grand jury found that he was involved in criminal activity.  The proffer was unrebutted that items were found in the home that demonstrated his affiliation with the gang.  And I, generally speaking, don't see how Ms. Johnson would exercise the influence over Mr. Rogers given her age and relationship with Mr. Rogers that I would for in a third party custodian.
> Mr. Lee is looking confused.  I generally think that third party custodian relationships make more sense if you're talking about someone who is a grandmother or a mother, you know, not someone of similar age who is in a relationship of parity.  I'm not saying that this is always the case but under the circumstances of this case with the allegations that the grand jury has found that Mr. Rogers was a participant in a gang that participated in pretty brutal conduct.  I don't see ow it would make sense to place her in a position of being a custodian under – over Mr. Rogers. (Transcript at pp. 30-31).

Mr. Rogers respectfully asks this Honorable Court to reconsider Ms. Johnson's suitability as a third-party custodian.

## II.     THE LAW

### 1.     Standard of Review

This Honorable Court's review of a Detention Order is ***de novo***.  ***United States v. Hazie,*** 762 Fd. 34, 36 (6th Cir. 1985).  This Honorable Court must make a determination of the proffer pretrial detention or conditions of release.  This review is done independently from the Magistrate's determination.  The Bail Reform Act provides that release is mandated to be under "the least restrictive conditions" reasonably necessary to assure defendants appearance in court as required by 18 U.S.C. §3142(c)(1)(B).  Subsection (j) states that nothing in this section shall be construed as modifying of limiting the presumption of innocence.  18 U.S.C. § 3142(j).  The right to a reasonable bail preserves the presumption of innocence, unhampered preparation of defense and safeguard people from punishment prior to conviction.  *Cain v. Smith,* 686 F.2d 374 (6th Cir. 1982).

18 U.S.C. §3142(e) provides that detention is appropriate only where the court finds that no condition of combination of conditions reasonably ensure the appearance of the person as required and the safety of any other person or the community.  This section is based on the understanding "that in our society, liberty is the norm and detention prior to trial, or without trial, is the carefully limited exception."  *United States v. Bell,* 673 F.Supp. 1429, 1430 (E.D. Mich. 1987)

*citing, United States v. Salerno,* 107 S. Ct. 2095 (1987).  Congress envisioned the pretrial detention of only a fraction of accused individuals awaiting trial.  *United States v. Orta,* 760 F.2d 887, 891 (8th Cir. 1985).  The structure of the statute mandates every form of release be considered before detention may be imposed.  *Id.* at 892.  Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant.  *United States v. Tortora,* 922 F.2d 880, 87 (1st Cir. 1990).

## III.    FACTORS TO CONSIDER IN DETERMINING BAIL

18 U.S.C. § 3142(g) provides as follows:

> **Factors to be considered** -  The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning:
>
> **(1)**  the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of <u>section 1591</u>, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)**  the weight of the evidence against the person;
>
> **(3)**  the history and characteristics of the person, including:
>
>> **(A)**  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)**  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)**  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

The case of *United States v. Motamedi,* 767 F.2d 1403 (9th Cir. 1985), provides guidance on the issue of bail.  In *Motamedi, supra,* the Ninth Circuit found that the government failed to meet its burden showing that an Iranian citizen charged with unlawful exportation of arms was a risk of flight.  Supreme Court Justice Kennedy, then a Ninth Circuit Appeals Judge, writing for the majority, interpreted the Bail Reform Act to mandate "release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Id.* at 1405.  Further, the court warned against constitutional violations, stating "[t]he Fifth and Eighth Amendments' prohibitions of deprivation of liberty without due process and

excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *Id.*

The Ninth Circuit found that "the weight of the evidence is the least important of the various factors" when considering revocation of a detention order. *Id.* at 1408. The majority noted that the District Court relied too heavily on the great weight of the charges against Mr. Motamedi and the government's assertions of his guilt. Although a court is permitted to consider the charges against the defendant, the Bail Reform Act does not permit nor requires a court to determine that the defendant is guilty. The Ninth Circuit also rejected the notion that the seriousness of the offense conclusively points to a determination that a defendant poses a high risk of flight. This is exactly what has happened in the matter before this Court. The hysteria over the charges has driven the Order of Detention. The Government has not presented any competent evidence to establish risk of flight or danger to the community. What the government has done by way of its "written proffer" which has been submitted continuously, to at least two magistrates, is to create an atmosphere of guilt before any substantive proceedings have been held.

Furthermore, because Defendant number 4 in the instant Indictment, Corey Bailey, is the half-brother of Mr. Rogers, the government has somehow sought to "transfer" the misdeeds of Mr. Bailey (including an alleged murder) onto Mr. Rogers. This, of course, flies in the face of any notion of justice or due process.

## A.    Mr. Rogers is not a Flight Risk

Mr. Rogers, was shot 18 times on March 27, 2015, just over one year ago. He sustained wounds to both knees, severely hampering his ability to walk.  He cannot physically drive a car and is very uncomfortable riding in one.  He is severely handicapped in a myriad of other areas.   He is a lifelong Michigan resident who shares a home with Ms. Johnson.  He has no assets and no other place to go but the home he shares with Ms. Johnson in Eastpointe, Michigan.  Mr. Rogers vehemently denies the allegations contained in the Indictment and intends to vigorously defend all charges against him.

## B.    Mr. Rogers is not a Danger to the Community

Simply stated, Mr. Rogers is not a danger.  He is severely impaired and has no ability, or desire, to harm anyone.  Although he has been shot multiple times he has not sought to retaliate against anyone at any time.  He has been free for many months and the government cannot cite a single example of violent or coercive behavior on his part.  The government points only to his alleged involvement in the instant conspiracy as some type of indication that he is a danger.  There has been nothing else proffered whatsoever to support the assertion that he is a threat to anyone.  Labeling Mr. Rogers as a danger has no basis in fact.

## IV. <u>MR. ROGERS SHOULD BE GRANTED A BOND WITH CONDITIONS</u>

18 U.S.C. § 3142(c) provides in relevant part:

**(1)** If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person –

> **(A)** subject to the condition that the person not commit a Federal, State or local crime during the period of release; and
>
> **(B)** subject to the <u>least restrictive</u> further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person:

>> **(i)** remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court.
>>
>> …
>>
>> **(iv)** abide by specified restrictions on personal association, place of adobe, or travel;
>>
>> …
>>
>> **(vi)** report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;
>>
>> **(vii)** comply with a specified curfew;
>>
>> **(viii)** refrain from possession a firearm, destructive device, or other dangerous weapon;
>>
>> **(ix)** refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance.

Based on the law and the arguments above, and the Affidavit of Ms. Johnson, Mr. Rogers respectfully requests that he be granted a bond with the following conditions:

1. Reside at his home in Eastpointe, Michigan;

2. Appoint Ms. Johnson as the third-party custodian;

3. Report as the Court sees fit;

4. Wear a tether if the Court sees fit;

5. No possession of any firearm, ammunition or other dangerous weapons;

6. No use of a computer or access to the internet;

7. No use of alcohol or controlled substances; and

8. Any other condition that this Honorable Court sees fit to impose.

The above-mentioned conditions alleviate any concerns the government may have.

**RELIEF REQUESTED**

For the aforementioned reasons cited, it is respectfully requested that this Honorable Court revoke the Order of Detention in this matter and grant Mr. Rogers pre-trial release.

Respectfully submitted,


_/s/ David I. Lee_____
DAVID I. LEE P39305
Attorney for Defendant Rogers
615 Griswold, Suite 722
Detroit, MI 48226
(313) 963-6508

Dated:  4/18/16


**PROOF OF SERVICE**

David I. Lee hereby states that on April 18, 2016, I electronically filed *Motion for Revocation of Detention Order and Request for Hearing, Brief in Support and this Proof of Service* with the Clerk of the Court using the ECF system which will send notification of such to the following:

Christopher Graveline at Christopher.Graveline2@usdoj.gov


/s/ David I. Lee_____
David I. Lee