UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

UNITED STATE OF AMERICA,

                    Plaintiff,                  Case No. 15-20652

     vs.                                  HON: George Caram Steeh

MICHAEL ROGERS  (D-8)

                    Defendant.

_____

## **RENEWED MOTION FOR REVOCATION OF DETENTION ORDER**

NOW COMES Michael Rogers, Defendant by counsel Douglas R. Mullkoff and pursuant to 18 U.S.C. § 3145(b) and 18 U.S.C. § 3142(f), hereby renews his Motion to Revoke the prior Order of Detention issued in this matter on March 9, 2016, for the reasons stated in the attached Brief in Support. Defendant requests that this Honorable Court issue an Order releasing him on bond with conditions pending resolution of this matter pursuant to 18 U.S.C. § 3142(c).

Pursuant to Local Rule 7.1(A), undersigned counsel sought concurrence in the relief requested herein. The government has denied concurrence.

WHEREFORE, Defendant respectfully requests that this Court enter an Order releasing him on an unsecured bond with any additional special conditions the Court deems necessary and appropriate.

                                Respectfully submitted,

Dated: 10/31/2017                  /S/ Douglas R. Mullkoff
                                 Attorney for Defendant
                                 402 West Liberty
                                 Ann Arbor, Michigan 48103
                                 (734)761-8585
                                 doug@kmhlaw.com
                                 (P33252)

**<u>BRIEF IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR</u>**
**<u>REVOCATION OF ORDER OF DETENTION AND REQUEST FOR HEARING</u>**

**I.    <u>INTRODUCTION</u>**

On June 6, 2016, the parties appeared before this Honorable Court in

connection with Defendant Michael Rogers' Motion for Revocation of Order of

Detention. Mr. Rogers incorporates by reference the original motion and brief in

support. See RE 179. Oral argument was heard by this Court and the motion was

denied.

On November 21, 2016 the government filed a motion for an order overruling

Defendant's objections to excludable delay and to make certain findings under the

Speedy Trial Act. Mr. Rogers objected to entry of an order finding excludable delay.

(See government motion RE 419 at page 4).

On January 19, 2017 this Court granted the government's motion. On March 28,

2017 this Court issued an order placing Defendant Rogers in trial group one. On May 1,

2017 this Court set a trial date for October 10, 2017. The trial for group one has again

been adjourned to now begin on January 23, 2018.

**II.    <u>LAW AND ARGUMENT</u>**

18 U.S.C. § 3142(f) authorizes the reopening of the detention hearing.

> "...The hearing may be reopened, before or after a determination
> by the judicial officer, at any time before trial if the judicial officer
> finds that information exists that was not known to a movant
> at the time of the hearing and that has a material bearing on the
> issue whether there are conditions of release that will reasonably
> assure the appearance of such person as required and the safety
> of any other person and the community".

Previously, Defendant proposed his girlfriend Nakia Johnson to act as a third

party custodian if he were released on bond to reside with her. Magistrate Stafford in

her March 9, 2016 ruling which detained Mr. Rogers said:

I don't find Nakia Johnson-- I didn't interview her--would be a third party custodian who I would consider because she was living with Mr. Rogers the entire time that the grand jury found that he was involved in criminal activity.

. . .

And I, generally speaking, don't see how Ms. Johnson would exercise the influence over Mr. Rogers given her age and relationship with Mr. Rogers that I would for in a third party custodian.

(Detention Hearing March 9, 2016, Doc 156 page ID #436). This Court affirmed the magistrate's detention order.

Delays not attributable to Mr. Rogers have kept him detained since March 1, 2016. The defense now proposes that the detention issue be reopened for the Court to consider allowing release to Defendant's Aunt Rosalyn Peterson who has agreed to act as a third party custodian and to provide housing and shelter to Mr. Rogers. Ms. Peterson is 52 years old and lives alone in a three bedroom home. She has been close to Michael Rogers all his life and she has no criminal record. Her home is not located in or near the neighborhood which is the subject of this indictment.

Defendant has the burden of showing he is not a flight risk or a danger to the community. Counsel has now reviewed voluminous discovery provided by the government. Neither the allegations in the indictment nor the discovery include any information that would even remotely suggest the Mr. Rogers is a danger to the community.

The voluminous discovery that has been produced to date shows that Mr. Rogers was not involved in any shootings, that he had no prior knowledge of any shootings or that he had after-the-fact knowledge of any shootings. Most importantly, Mr. Rogers has never been charged with any violent or assaultive crimes. His history is

completely devoid of any type of violent behavior.

As to Count 32, there is no evidence that Mr. Rogers used a weapon in relation to and in furtherance of a crime of violence. The government simply named all of the defendants in Count 32. The discovery fails to identify any weapon used by Mr. Rogers in connection with an act of violence to further the conspiracy. Moreover, none of the Overt Acts allege that Mr. Rogers engaged in violent or assaultive behavior.

Michael Rogers is not a flight risk. Mr. Rogers is a lifelong resident of the Eastern District of Michigan. There are a number of co-defendants who are out on bond and are facing violent and assaultive charges. Two of the defendants who are out on bond are alleged to be tied to a .223 Bushmaster which is alleged to have been used in multiple shootings, both fatal and non-fatal. Two of the co-defendants ran from the police yet are out on bond.

On September 25, 2015, Defendant, Steven Arthur, was in possession of a .223 Bushmaster as mentioned above and was involved in a high-speed chase with the police. After Arthur's vehicle became inoperable, Mr. Arthur ran on foot and was ultimately apprehended. Mr. Arthur is out on bond.

Defendant Eugene Fisher is alleged to have provided the .223 Bushmaster to Billy Arnold on September 25, 2015. As mentioned above, this weapon is tied to multiple shootings. Additionally, law enforcement executed a search warrant at Mr. Fisher's residence and located a .45 caliber handgun. Mr. Fisher is out on bond.

Defendant Derrick Kennedy had an outstanding warrant out on him for six months. Mr. Kennedy was on the run until he was arrested during a drug bust. Upon information and belief, Mr. Kennedy also has an outstanding child support warrant; yet Mr. Kennedy is out on bond.

The bottom-line is that since the last Bond Hearing, the defense has been

provided with thousands of pages of additional discovery. A review of this discovery fails to support the Government's argument that Mr. Rogers is a danger and a flight risk.

This Honorable Court is well aware of the law and that pursuant to the mandate of 18 U.S.C. § 314(e), liberty is the norm and detention prior to trial is the carefully limited exception. *United States v. Salerno,* 107 S. Ct. 2095 (1987). There is simply no clear and convincing evidence that Mr. Rogers poses a danger to the community. Moreover, there is no evidence that Mr. Rogers is a flight risk.

Accordingly it is requested that this Court revoke the detention order and release Mr. Rogers on bond.

Respectfully submitted,

Dated: October 31, 2017

/S/ Douglas R. Mullkoff
Douglas R. Mullkoff
Attorney for Defendant
402 West Liberty
Ann Arbor, Michigan 48103
(734)761-8585
doug@kmhlaw.com
(P33252)

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN          )
                           ) ss:
COUNTY OF WASHTENAW        )

I hereby certify that on the  31st  day of October, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christopher Graveline at the U.S. Attorneys Office.

/S/ Douglas R. Mullkoff
Attorney for Defendant
402 West Liberty
Ann Arbor, Michigan 48103
(734)761-8585
doug@kmhlaw.com
(P33252)