UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-8 MICHAEL ROGERS,

        Defendant.
_____/

NO. 15-20652

HON. GEORGE CARAM STEEH

**GOVERNMENT'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR REVOCATION OF DETENTION ORDER**

    The Bail Reform Act, specifically 18 U.S.C. § 3142(f)(2)(B), allows for a detention hearing to be "reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." None of the information proffered by the defendant in his motion is particularly new or is of such a quality to have a material bearing on the detention decision already made in this case. *See* Docket Entry (DE) 738. The defendant remains a flight risk and a danger to the community such that no condition or combination of conditions will reasonably ensure the appearance of the defendant as required, and the safety of any other person

1

or the community. Consequently, the United States of America, by and through its undersigned counsel, files this opposition to the defendant's Renewed Motion for Revocation of Detention Order.

## BACKGROUND

On October 4, 2017, the defendant and 20 other individuals were charged in a fifth superseding indictment with one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of possession of a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. *See* DE 704, Fifth Superseding Indictment, Counts 1 & 32. Count One details the racketeering conspiracy, of the enterprise known as the Seven Mile Bloods or "SMB." That enterprise was engaged in an active gang war, with rival gangs posting respective "hit lists" on social media. *See* DE 704 at 5, ¶6. Several co-defendants are charged with murder in aid of racketeering, attempted murder in aid of racketeering, assault with a dangerous weapon in aid of racketeering, and firearm offenses in connection with this gang war. The fifth superseding indictment also alleges that the SMB "makes its money predominately through the sale and distribution of controlled substances, including cocaine, heroin, marijuana, codeine promethazine, and various prescription pills." *Id.*, at ¶5. The SMB's drug trafficking involves gang members traveling to "West Virginia, Ohio, Kentucky, and other states to sell controlled substances." *Id.*

2

## PROCEDURAL HISTORY

On March 9, 2016, the defendant appeared before Magistrate Judge Stafford for a detention hearing. At the hearing, the government presented written and oral proffers in support of detention, which the government incorporates those arguments herein. *See* DE 118, Government's Written Proffer in Support of its Request for Detention Pending Trial; DE 156, Transcript of March 9, 2016 Hearing. Magistrate Judge Stafford ordered the defendant detained on the ground that there was clear and convincing evidence that the defendant was a danger to the community, and a preponderance of the evidence that he was a risk of non-appearance. *See* DE 123, Order of Detention Pending Trial.

On April 18, 2016, the defendant filed with this Court a motion for revocation of the detention order. *See* DE 179. The government filed a response objecting to the defendant's release. *See* DE 195. On June 6, 2016, at the hearing on the motion, the government argued in support of continued detention and the Court denied the defendant's motion from the bench.[1] *See* DE 209. On October 31, 2017, the defendant filed this current motion challenging his pretrial detention. *See* DE 738. The defendant still faces a rebuttable presumption of detention since he is charged with

---

[1] The government would also request that the Court consider those in-court arguments and its written opposition when deciding this current motion.

possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924924(c), and 2. *See* 18 U.S.C. § 3142(e)(3)(B).

## LEGAL STANDARD

Detention under 18 U.S.C. § 3142(e) is warranted when the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Pursuant to 18 U.S.C § 3142(g), the factors to be considered are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In this case, these factors must be weighed in the context of the statutory presumption of detention given that the defendant has been indicted on firearms charges related to his involvement and membership in a violent street gang.

When a defendant is subject to the statutory presumption of detention under 18 U.S.C. § 3142(e)(3)(B), the defendant bears a "burden of production," which requires him to "com[e] forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Even when the defendant satisfies his burden of production, the statutory presumption in favor of detention "remains a factor to be considered among those weighed by the district court." *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). This is

because the presumption "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained pending trial," and it is the defendant's responsibility to "present all the special features of his case that take it outside the congressional paradigm." *Id.* at 946 (internal quotations omitted).

## ARGUMENT

In seeking to have his detention hearing reopened, the defendant must come forward with information that is new and "was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person." *See* 18 U.S.C. § 3142(f)(2)(B). The defendant has failed to meet either prong of this test. First, the only "new" information the defendant brings forward is the suggestion that his aunt is willing to act as a third party custodian. *See* DE 738, PgID 3. The defendant must then demonstrate how this newly-proposed third party custodian would have a material bearing on the issue of pretrial detention. However, based on all of the factors present in this case, he cannot make that showing.

The defendant is a long-time member and respected leader of SMB, a racketeering enterprise engaged in multiple acts of violence and widespread drug distribution. This fact is confirmed by the defendant being one of the 10 SMB members who appeared on a rival gangs' hit list in 2015, and by the fact that he was shot 18 timeS outside of his house on March 22, 2015, as part of this gang violence.

Moreover, his general uncooperative disposition when questioned by law enforcement about his own shooting speaks to the defendant's mindset of resolving disputes in the streets as opposed to through the legal process.

Additionally, he is the president of the Hard Work Entertainment rap label, which produced multiple rap videos demonstrating the credibility and power of SMB, as well as glorifying the SMB gang. The defendant even appeared in the SMB rap video "Murda," in which SMB explains that in the Red Zone murder is a way of life, and that if snitches testify they will be shot and murdered. When the defendant was arrested on the current charges on March 1, 2016, he was located at the residence he shared with his girlfriend. Inside that residence, law enforcement located two rounds of ammunition, a receipt from Coldwater Gun and Pawn, gang clothing, postcard and CDs from SMB-related Hard Work Entertainment, and letters from two incarcerated SMB members, co-defendants Quincy Graham and Corey Bailey. This occurred less than a month after his parole supervision was transferred from West Virginia to Michigan.

The defendant's demonstrated mindset towards violence makes him a threat to the community. He has a strong motive for retribution against rival gang members, given he was shot during the gang war. Also, as it gets closer to trial, with the release of *Jencks* material and the government's witness list, the defendant poses a significant danger to potential witnesses in this case as well.

In addition to the violence promoted by the defendant, he personally has a long criminal history dating back to 2004, for possession and distribution of controlled substances. Drug distribution is a main source of income for SMB. The drug trafficking the defendant and his fellow SMB members engage in itself poses a danger to the community, so much so that "run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence" are regularly detained on dangerousness grounds. *See Stone*, 608 F.3d at 947, n.6 (citing numerous Sixth Circuit precedents in support of this proposition). Moreover, the defendant's drug trafficking, especially his traveling to West Virginia to sell narcotics, also makes him a risk of flight.

The defendant has significant ties in West Virginia, and there is nothing to stop him from fleeing Michigan upon release. In fact, the defendant already has committed the reverse. The defendant fled from West Virginia to this District to avoid pending felony charges and had to be extradited from Michigan back to West Virginia in 2012. In addition, the defendant's history of violations of probation and the fact that he was on parole at the time he participated in gang activity alleged in this indictment, shows his inability to comply with regulations while not in custody. All of these factors lead to the conclusion that the defendant is certainly not "outside the congressional paradigm" when it comes to the statutory presumption of detention, and a newly-proposed custodian does not change that equation. *See id.,* at 946.

## CONCLUSION

Consequently, since there are no condition or combination of conditions can reasonably assure the defendant's appearance before this Court and the safety of the community, the defendant's motion should be denied and the defendant should remain detained.

Respectfully submitted,

DANIEL L. LEMISCH
ACTING UNITED STATES ATTORNEY

Dated: November 14, 2017   /s/ Julie A. Finocchiaro
JULIE A. FINOCCHIARO
Trial Attorney
U.S. Department of Justice
1301 New York Avenue, N.W.,
Washington, D.C. 20530
Telephone: (202) 514-0842
Julie.Finocchiaro@usdoj.gov

CHRISTOPHER GRAVELINE (P69515)
Assistant United States Attorney
211 Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9155
christopher.graveline2@usdoj.gov

JUSTIN WECHSLER
Trial Attorney
U.S. Department of Justice
450 5th Street, NW
Washington, D.C. 20530
Justin.Wechsler@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

                                        /s/ Julie A. Finocchiaro
                                        Julie A. Finocchiaro
                                        Trial Attorney